FILED
SUPERIOR COURT
OF GUAM

2023 DEC 18 PM 9:23

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                    )    CRIMINAL CASE NO. **CF0028-23**
                                   )    GPD Report No.: 23-00886
                                   )
vs.                                )
                                   )    DECISION AND ORDER RE.
                                   )    DEFENDANT'S MOTION
                                   )    FOR DISCOVERY AND
**RAYMOND MEDEZA BECK,**           )    MOTIONS TO EXCLUDE
DOB: 06/19/1986                    )
                                   )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on September 18, 2023, for a hearing on Defendant Raymond Medeza Beck's ("Defendant") Motion for Discovery and Motions to Exclude which were filed concurrently on July 10, 2023. Defendant was present with counsel Peter C. Perez, and Assistant Attorney General Christine S. Tenorio argued the motion on behalf of the People of Guam. Following oral argument, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. Having considered the pleadings on file, the oral argument by both parties, and the applicable statutes and case law, the Court now issues this Decision and Order GRANTING, *in part*, and DENYING, *in part*, the Defendant's Motion for Discovery and DENYING the Defendant's Motion to Exclude for the reasons set forth herein.

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 1 of 18

## FACTUAL & PROCEDURAL BACKGROUND

### Charges Against Defendant and Defense Counsels

On January 23, 2023, the Defendant was charged via Indictment with Second Degree Criminal Sexual Conduct (As a 1st Degree Felony) stemming from an incident alleged to have occurred on or about January 9, 2023, when the Defendant is accused of engaging in sexual contact with K.J.M.B. (DOB: 01/05/2010) ("Victim"). *Indictment* (Jan. 23, 2023).[1] The Public Defender Services Corporation (PDSC) was appointed to represent Defendant on January 12, 2023. *Ntc. of Court Appointed Counsel* (Jan. 12, 2023). However, on February 6, 2023, Attorney Peter C. Perez ("Attorney Perez") entered his appearance on behalf of Defendant. *Entry of Appearance* (Feb. 6, 2023). On April 14, 2023, a Grant Jury issued a Superceding Indictment against Defendant charging him with 3 Counts of Second Degree Criminal Sexual Conduct (As a 1st Degree Felony). *Superceding Indictment* (Apr. 14, 2023).

### Filings on the record by PDSC and Attorney Perez

Prior to Attorney Perez entering his appearance, PDSC filed several requests and notices on behalf of Defendant, including a Formal Request for 6 GCA § 404(b) Evidence (Jan. 23, 2023) and a Request for Disclosure (Jan. 23, 2023). On February 27, 2023, the Court issued its Criminal Trial Scheduling Order ordering, *inter alia*, that all discovery must be exchanged by **July 10, 2023**, and all motions and witness lists were due by **July 17, 2023**. See *Criminal Trial Scheduling Order* (Feb. 27, 2023). The trial was scheduled for August 30, 2023, with the pre-trial conference scheduled for August 22, 2023. *Id.* The People filed an Exhibit List on January 24, 2023; however,

---

[1] A Magistrate's Complaint had been previously filed on January 12, 2023, charging Defendant with Second Degree Criminal Sexual Conduct (As a 1st Degree Felony).

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 2 of 18

the People have not filed a Witness List as of the issuance of this Decision and Order. On July 17, 2023, Defendant filed his Witness List. *Def.'s Witness List* (July 17, 2023). Defendant has waived his right to a speedy trial on February 1, 2023,[2] and he has been released on his own recognizance, with conditions, since January 12, 2023.[3]

On March 16, 2023, the People filed its standard Motion for [Statutory] Discovery and, in his Response to People's Motion for Discovery (the "People's Motion") filed on March 27, 2023, Defendant objected to the People's Motion, citing a number of procedural and substantive challenges. *Response to People's Motion for Discovery* (Mar. 27, 2023). However, during the hearing on the People's Motion, on June 12, 2023, Attorney Perez indicated that he had no objections to the People's Motion and would discuss any discovery issues that might arise with the People. *Hrg. on People's Mot. for Discovery* at 2:10:30 PM to 2:13:56 PM (June 12, 2023).

### Defendant's Motion for Discovery

Subsequently, on July 10, 2023, Defendant filed a Motion for Discovery ("Discovery Motion") reasserting his requests for disclosure of the materials set forth in the Request for Disclosures previously filed by PDSC. Specifically, Defendant seeks the following:

(1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;

(2) any oral or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant (§70.10(a)(2));

(3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons (§70.10(a)(3));

---

[2] *Arraignment Hrg.* (Feb. 1, 2023); *Waiver of Speedy Trial* (Feb. 1, 2023).
[3] *Order of Conditional Rel. and Appearance Bond* (Jan. 12, 2023).

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 3 of 18

(4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant(§70.10(a)(4));

(5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial, or who is named in the discovery materials (§70.10(a)(5));

(6) **any record, including copies of police reports of prior convictions, filed or unfiled pending criminal cases and probationary or diversionary cases of any alleged victim or of any witness named in the discovery, and copies of any plea agreements, diversion agreements or any other agreements between the prosecution or any law enforcement officer or agency and such witness;**

(7) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises (§70.10(a)(6));

(8) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor (§ 70.10(a)(7)).

(9) any evidence of any kind which the prosecution intends to use at trial, either as part of the case in chief or for rebuttal (§70.10(a)(8)).

*Request for Disclosure* ("Exhibit A" to Discovery Motion)(hereinafter referred to as "Exhibit A")(emphasis added).

Defendant also asks for an order compelling the People to produce the following material for the following reasons:[4]

(1) "[a]ll discovery requested in the January 23, 2023, Formal Request for 6 GCA § 404 (b) Evidence." (Referred to herein as "404(b) Evidence"). *Discovery Motion* at ¶ 2.

(2) The alleged victim's mother's criminal records, including in Guam and Hawaii. Defendant asserts that this evidence is material to the preparation of the defense

---

[4] *Discovery Motion,* pp. 1-6.

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 4 of 18

regarding the alleged victim's motivation to leave her residence on the alleged offense date, and to fabricate the allegations against the defendant, and is discoverable pursuant to 8 GCA § 70.15. (Referred to herein as "Mother's Criminal Records").

(3) For the period January 1, 2023, through January 31, 2023, the alleged victim's (a) phone number, (b) phone records, (c) phone messages, and (d) WhatsApp records. Defendant asserts that this evidence is material to the preparation of the defense regarding the alleged victim's statements regarding her communications with the defendant, with the alleged victim's friend, M.D., regarding the alleged victim's credibility, and the alleged victim's purported fabrication of the allegations and is discoverable pursuant to 8 GCA § 70.15. (Referred to herein as "KJMB's Phone records").

(4) The alleged victim's juvenile records, if any. Defendant asserts that the evidence is material to the preparation of the defense regarding the alleged victim's credibility and the availability of potential impeachment evidence and is discoverable pursuant to 8 GCA § 70.15. (Referred to herein as "KJMB's Juvenile Records").

(5) The alleged victim's school records for the years 2021 through 2023. Defendant asserts that the evidence is material to the preparation of the defense regarding the alleged victim's credibility and the availability of potential impeachment evidence and is discoverable pursuant to 8 GCA § 70.15. (Referred to herein as "KJMB's School Records")

(6) The alleged victim's counseling, psychological, and/or psychiatric records, if any. Defendant asserts that the evidence is material to the preparation of the defense regarding the alleged victim's credibility and the availability of potential impeachment evidence and is discoverable pursuant to 8 GCA § 70.15. (Referred to herein as "KJMB's Mental Health Records").

(7) Videos, video recordings, audio recordings, and/or surveillance records pertaining to, depicting, or recording the defendant in connection with the allegations. Defendant asserts that the evidence is material to the preparation of the defense regarding the alleged victim's credibility and the availability of potential impeachment evidence and is discoverable pursuant to 8 GCA § 70.15. (Referred to herein as "Electronic Records of Defendant").

(8) Disclosure of forensic evidence including but not limited to (a) medical records, (b) rape kit records, (c) DNA testing records, (d) Healing Hearts records, (e) serology records, (f) fingerprint records, (g) or any other forensic evidence

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 5 of 18

inculpating or exculpating the defendant. Defendant asserts that the evidence is material to the preparation of the defense regarding the alleged victim's credibility and the availability of potential impeachment evidence and is discoverable pursuant to 8 GCA § 70.15. (Referred to herein as "Forensic Evidence").

(9) Any arrest records, criminal records, juvenile records, criminal charges, criminal convictions, and/or juvenile adjudications of the alleged victim or any witnesses in this case. Defendant asserts that the evidence is material to the preparation of the defense regarding the alleged victim's credibility and the availability of potential impeachment evidence and is discoverable pursuant to 8 GCA § 70.15. (Referred to herein as "Arrest, Juvenile and Criminal Records of Witnesses").[5]

## Defendant's Motion to Exclude

On July 17, 2023, the Defendant filed a Motion to Exclude ("Motion to Exclude") requesting the Court to exclude from the trial the following items:[6]

(1) Any undisclosed non-exculpatory discovery due to the People's failure to provide the material to the Defendant despite repeated requests;
(2) 404(b) Evidence, as no prior bad acts of the Defendant have been provided to the Defendant;
(3) Any reference by the prosecution to K.J.M.B. as the "victim" on the basis that it constitutes improper witness bolstering and prosecutorial vouching; and,
(4) Any reference to the Defendant as the "perpetrator," the "offender," a "rapist," or another similar identifier on the basis that it constitutes improper witness bolstering and prosecutorial vouching.

## Defendant's Motion to Strike

The People did not file a response to the Defendant's motions until August 18, 2023, well after the due date as set forth in the Defendant's Notice of Motion (CR 1.1. Form 1) of July 24 and July 31, 2023, for each of the Dismissal Motion and Motion to Exclude, respectively. Thus,

---

[5] To the extent that "Juvenile Records" in item (4) refers specifically to the named victim K.J.M.B., the materials in Item (9) shall refer to all other witnesses *except for* K.J.M.B..
[6] See *Motion to Exclude* (Jul.17, 2023).

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying, Defendant's Motions for Discovery and to Exclude
Page 6 of 18

on August 21, 2023, the Court continued the Motion Hearing to provide the Defendant time to review the People's responses and to allow Defendant to file a reply. *See Motion Hr'g of 8/21/2023* at 11:01:15 AM to 11:10:22 AM (Aug. 21, 2023). On September 11, 2023, the Defendant filed his Reply to People's Opposition to Defendant's Motions [sic] to Exclude concurrently with a Motion to Strike the People's untimely responses.[7] On September 18, 2023, during the continued hearing on the Defendant's Motions, however, the Court denied the Motion to Strike from the bench, finding that it was imperative to the Court's decision on the Defendant's Motions to consider the People's arguments against compelling discovery and the exclusion of evidence and the terms "victim" and "perpetrator" or "rapist." *Motion Hrg. on 9/18/2023* (Sept. 18, 2023).

## LEGAL DISCUSSION

### I. A Defendant's Right to Discovery is Statutory, Not Constitutional.

As a preliminary matter, the Court notes that "[t]here is no general constitutional right to discovery in criminal case." *People of Guam v. Orallo*, 2004 Guam 5 ⁋ 9 (citing *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846 (1977)). Accordingly, "the right to pre-trial discovery is strictly limited to that which is permitted by statute or court rule mandated by constitutional guarantees." *Id.* (citing *Cole v. State*, 835 A.2d 600, 608 (Md. 2003)). Guam law provides that upon a defendant's noticed motion, the court must order the prosecutor to disclose information enumerated under 8 G.C.A. § 70.10 that is "within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the

---

[7] See *Reply to People's Opp. to Def's Mots. to Exclude* (Sep. 11, 2023); *Mot. to Strike* (Sept. 11, 2023).

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 7 of 18

prosecuting attorney." 8 G.C.A. § 70.10(a). "The disclosure of exculpatory evidence is required by section 70.10(a)(7) which codifies and expands upon the constitutional due process requirement, set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecution must disclose evidence favorable to the defendant which is material to guilt or punishment." *Orallo*, 2004 Guam 5 ¶12. *Brady* evidence "includes impeachment evidence relating to government witnesses." *People v. Fisher*, 2001 Guam 2 ¶ 12 (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)).

"In addition to these mandatory disclosures, the court may order, in its discretion, that the prosecution turn over other evidence *upon a showing of materiality to the preparation of his defense and that the request is reasonable." People v. Mateo*, 2017 Guam 22 ¶15 (quoting 8 G.C.A. § 70.15(a))(emphasis added). "[U]nder both sections 70.10 and 70.15, as well as our holding in *Tuncap*, a threshold showing of materiality must be established before the prosecution is obligated to turn over evidence to the defendant either automatically (under section 70.10 and *Brady*) or following a motion by the defendant (under section 70.15)." *Id*. Moreover, in deciding whether to grant a motion under Section 70.15, "[t]he court must weigh the substantial risk of physical harm, intimidation, bribery, economic reprisals, unnecessary annoyance or embarrassment that may result to any person against the usefulness of disclosure to the defense." *Tuncap* at ¶ 16 (citing 8 GCA § 70.15(b)).

As set forth in *Orello*, the criminal discovery provisions adopted in 8 G.C.A § 70.10 *et seq*. strictly define the materials and information that govern the discovery obligations between the People and a criminal defendant. However, under 8 GCA § 70.15, "upon noticed motion by the defendant and a showing of materiality to the preparation of his defense and that the request

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 8 of 18

is reasonable, the court in its discretion may order the prosecuting attorney to disclose to the defendant's attorney any relevant material and information not covered by § 70.10." 8 GCA § 70.10(a). In addition, under section 70.35, "the court may permit any showing of cause for denial or regulation of disclosures, or portion of such showing to be made in camera."

## A. Defendant is entitled to statutory discovery under 8 GCA § 70.10.

As *Tuncap* and its progeny hold, a defendant is entitled to discovery of the material identified in 8 GCA §§ 70.10-70.45. *Tuncap* at ¶ 15. Exhibit A of Defendant's Discovery Motion seeks primarily the materials set forth in the statute. A such, Defendant is entitled to the following discoverable items in Exhibit A:

(1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;

(2) any oral or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant (§70.10(a)(2));

(3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons (§70.10(a)(3));

(4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant(§70.10(a)(4));

(5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial, or who is named in the discovery materials (§70.10(a)(5));

(6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises (§70.10(a)(6));

(7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor (§ 70.10(a)(7)).

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 9 of 18

(8) any evidence of any kind which the prosecution intends to use at trial, either as part of the case in chief or for rebuttal (§70.10(a)(8)).

Consequently, Defendant's Discovery Motion for the material contained in Exhibit A set forth herein is granted *with the exception of* Defendant's request for *"any record,* including copies of police reports of prior convictions, filed or *unfiled pending criminal cases and probationary or diversionary cases* of any alleged victim or of any witness named in the discovery, and copies of any plea agreements, *diversion agreements* or any other agreements between the prosecution or any law enforcement officer or agency and such witness." *Exhibit A,* item (6). Section 70.10 – 70.45 do not appear to mandate the disclosure of these materials absent a showing of (1) materiality to the preparation of Defendant's defense *and* (2) that the request is reasonable. *Tuncap* at ¶16 (citing 8 GCA § 70.15). Absent more than a general demand for the disclosure of such information, the Court finds that the Defendant has failed to establish materiality and reasonableness justifying an order of disclosure under 8 GCA § 70.15. As such, the Court DENIES the motion to compel the discovery of this item absent a showing of materiality and reasonableness set forth in Section 70.15.

**B. 404(b) Evidence.**

The People do not intend to use any prior bad acts of the Defendant at the trial "at this time." *People's Response* at p. 4. As such, the Court shall not compel the disclosure of any 404(b) evidence. However, based upon this response, the People may be precluded from using such evidence in the future once the Court has set the matter for trial. *See, discussion* at p. 16, *infra.*

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 10 of 18

### C. Mother's Criminal Records.

Defendant's only information that such criminal records *might* exist is through the family of the alleged victim and her mother. *Hrg. on Mot. of 9/18/23* at 10:50:27 AM (Sept. 18, 2023). The People also indicate that they have no knowledge of a record of any criminal convictions for KJMB's mother. Defendant claims that this evidence is "material to the preparation of the defense regarding the alleged victim's motivation to leave her residence on the alleged offense date, and to fabricate the allegations against defendant" and, therefore, discoverable under Section 70.15. However, applying the requirements in *Tuncap*, the Court finds that Defendant has failed to make a reasonable connection between these records and its claimed purpose in order to establish the threshold requirement of materiality. Moreover, the Defendant has failed to establish that disclosure outweighs "the substantial risk of unnecessary annoyance or embarrassment that may result to any person against the usefulness of disclosure to the defense." As such, the Court DENIES this request.

### D. KJMB's Phone Records.

The People have responded that KJMB's phone number has been provided to defense counsel. As such, the Court finds that disclosure has been satisfied and the Defendant may seek the issuance of a subpoena duces tecum to compel the disclosure by third parties of all other information it seeks which is associated with the phone number and not in the People's possession. To the extent that the People have satisfied this demand, the motion is DENIED.

### E. KJMB's Email Address and Email Records.

The People have responded that the People do not have access to KJMB's Email Address and Email Records. *Response* at p. 4. Moreover, the People argue that this request is unreasonable,

*People of Guam vs. Raymond Medexa Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 11 of 18

oppressive and overbroad. However, the People are willing to request KJMB's email messages "pertaining to this incident only." Id. The Court agrees that Defendant's request is overbroad as it seeks all of KJMB's email records from January 1, 2023 through January 31, 2023 without limitation. Defendant must still satisfy the materiality and reasonableness requirements under *Tuncap.* Finding that Defendant has failed to do so, this request is DENIED.

**F. KJMB's Juvenile Records.**

The People have responded that "[a]ll juvenile records are sealed to the prosecution division, and the People do not have access to these records." *Id.* Juvenile records are not covered under Section 70.10. There are not, for example, "criminal convictions" under 70.10(a)(5). In fact, the Family Court Act specifically states that "[n]o adjudication by the [Family] court of the status of any child shall be deemed a conviction, nor shall any adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction." 19 GCA § 5114. Consequently, juvenile records are not subject to disclosure under 70.10. Moreover, even if the Court were to exercise its discretion under Section 70.15 upon a showing of good cause and materiality to the preparation of the defendant's defense, the Defendant has failed to satisfy the requirements of *Tuncap.* In this instance, Defendant has not established that any such records exists and its general purpose that it is relevant to KJMB's credibility and the availability of "potential" impeachment evidence is insufficient to grant the motion to compel. As such, this request is DENIED.

**G. KJMB's School Records.**

The People have responded that it is not in the possession of KJMB's school records and do not intend to use KJMB's school records at trial. Defense counsel asserts that the records are material to the preparation of the defense regarding KJMB's credibility and the availability of

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 12 of 18

"potential" impeachment evidence. *Discovery Mot.* at 4. This blanket statement is insufficient to satisfy the requirements of *Tuncap*. Defendant's request is overbroad and not within the Government's statutory discovery obligations due to the confidential nature of juvenile records. 19 GCA § 5122; 19 GCA § 13210. See also, discussion, *supra.* Moreover, these records are protected by federal law from disclosure under the Family Educational Rights and Privacy Act ("FERPA"). The Defendant cannot circumvent the protections under FERPA nor the requirements under *Tuncap* merely by claiming they are relevant to establish credibility and the "potential" for impeachment evidence. The Court must temper any discretionary disclosures by requiring Defendant to establish that disclosure of KJMB's school records outweighs "the substantial risk of unnecessary annoyance or embarrassment that may result to any person against the usefulness of disclosure to the defense." For these reasons, the motion regarding KJMB's school records is DENIED.

### H. KJMB's Mental Health Records.

The People have responded that it is not in the possession of KJMB's counseling, psychological and psychiatric records. *Response* at 5. Moreover, the People have confirmed the non-existence of Healing Hearts records. *Id.* Defense counsel asserts that the records are material to the preparation of the defense regarding KJMB's credibility and the availability of "potential" impeachment evidence. *Discovery Mot.* at 5. This blanket statement is insufficient to satisfy the requirements of *Tuncap*. Defendant's request is overbroad and not within the Government's statutory discovery obligations due to the confidential nature of mental health records. Moreover, Defendant has failed to establish that disclosure outweighs "the substantial risk of unnecessary

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 13 of 18

annoyance or embarrassment that may result to any person against the usefulness of disclosure to the defense."

Additionally, such records are protected by federal law from disclosure under the Health Insurance Portability and Accountability Act (HIPAA) which provides consumers with important privacy rights and protections with respect to their health information. HIPAA provides an avenue for disclosure pursuant to a court order under 45 CFR § 164.512. Absent following such procedures, the Court will not compel the People to disclose such information, which is not in its possession in any event. For these reasons, the motion regarding KJMB's Mental Health Records is DENIED.

## I. Electronic Records of Defendant (Video, Audio, Etc.)

The People have responded that it is not in the possession of these records. Although Section 70.10(a) provides an exhaustive list of the material which the People are required to disclose to a Defendant, it also requires that matters generally discoverable must be within the prosecutor's "possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney." 8 GCA § 70.10(a). The prosecutor's obligations extend to material information controlled by his staff and those who report to him regularly or in reference to a particular case. 8 GCA § 70.10(b). Defendant has not established that any such evidence exists whether or not in the control of the prosecution or those who report to him regularly; therefore, this request is DENIED.

## J. Forensic Evidence.

The People have responded that there is no forensic evidence. As such, this request is DENIED, as it is not applicable.

*People of Guam vs Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 14 of 18

### K. Arrest, Juvenile and Criminal Records of Witnesses.

For the reasons stated previously, the Court DENIES requests for juvenile records and juvenile adjudications of "the alleged victim or any witnesses." *Discovery Motion* at p. 6. With regard to arrest records, the People shall disclose and RAP sheets of any witnesses who may be called to testify at trial.[8] Police reports compiled by the Guam Police Department are confidential and exempt from disclosure except by order of this Court; however, its disclosure is not mandatory under 70.10 and the Defendant has failed to establish materiality or reasonability as required under *Tuncap* and *Mateo*. Criminal convictions of any such witnesses is mandatory under 8 GCA 70.10(a)(5) and must be disclosed.

## II. Defendant's Motion to Exclude

Defendant seeks to prohibit the People from presenting the following evidence or employing the following terms during the trial of this matter:

### A. Undisclosed non-exculpatory discovery.

Defendant asserts that the People should be "trial ready at the time of indictment." *Reply* at 1 (Sept. 11, 2023). Arguing that the People have continuously delayed the disclosure of evidence the Defendant seeks the following relief: (1) exclusion of all other non-exculpatory evidence that might come into the possession of the People after August 19, 2023. *Id.* at 2., and (2) to allow Defendant to make reference to purported discovery violations to the jury at the trial.

Defendant has waived his right to a speedy trial. *Waiver* (Feb. 1, 2023). He has been released on his own recognizance without posting bail, bond or any security and only upon the

---

[8] As of the issuance of this Decision and Order, the People have not submitted a Witness List.

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 15 of 18

least onerous conditions without electronic monitoring since the filing of the magistrate's complaint in January, 2023. *Order of Conditional Release* (Jan. 12, 2023). Other than the pendency of this case against him, the Defendant has failed to establish any prejudice resulting to him from the delay by the People of responding to his discovery requests.

Moreover, 8 GCA § 70.40 imposes upon all parties in a criminal proceeding the continuing duty to disclose "additional material or information previously requested or ordered, which is subject to disclosure under this Chapter [70, of Title 8, Guam Code Annotated]." Section 70.40 mandates a party or his attorney to "promptly notify the other party or his attorney or the court of the existence of the additional material or information." As such, under the current circumstances, Defendant's request to exclude all future discovery other than exculpatory evidence is denied as a violation of Section 70.40.

### B. 404(b) Evidence.

The Court hereby incorporates its previous discussion regarding the disclosure of 404(b) evidence, *supra,* herein as if fully set forth. Moreover, the People have indicated that it does not intend to introduce any evidence of Defendant's prior bad acts. Because the matter has not yet been set for trial pending the Defendant's instant Motions, once the matter has been scheduled for jury selection and trial, under 8 GCA § 80.40, a defendant is only entitled to five days of preparation before trial. Thus, any evidence, including 404(b) evidence pursuant to a Notice, provided at least five (5) days before trial should be sufficient to avoid unfair surprise or prejudice to the Defendant.

//

//

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 16 of 18

## C. Reference to KJMB as the "victim."

Defendant's request to absolutely preclude the prosecutor from referring to KJMB as the "victim" during the trial is overbroad and Defendant has failed to include any points and authorities in support of such exclusion. Arguing generally that to call KJMB the "victim" results in improper witness bolstering and prosecutorial vouching is insufficient to justify a blanket prohibition against the prosecutor's use of the legal term when it is appropriate during the trial of this matter. To follow this request to it absurd conclusion, in the event a witness testifies and uses the term "victim," should the prosecutor merely repeat what has been testified to and entered into evidence, this repetition would technically violate the Court's order granting exclusion. Thus, the Defendant has not justified a blanket exclusion of the use of the term "victim" by the prosecutor when it is appropriate. However, the People are on notice that the Defendant may seek a mistrial in the event that the prosecutor improperly vouches for KJMB's veracity as prohibited under Guam law. At this time, however, the Court finds that the Defendant's current request is improper and unsupported by legal authority.

## D. Reference to Defendant as "perpetrator," the "offender", a "rapist," or another similar identifier.

The Court finds similarly that Defendant's request to exclude any and all references by the prosecution to the Defendant as the "perpetrator," the "offender", a "rapist," or another similar identifier is overbroad as it ignores the Guam Supreme Court's findings in *People v. Roby*, *2017 Guam 7* ¶*35* that the terms of "rape," "sexual assault," and "sexual abuse" may be used in closing arguments if used by a witness during trial testimony. It also disregards *People v. Moses*, 2022 Guam 17 ¶ 59 which found that the use of the "rape" is not error when quoting a witness's

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 17 of 18

testimony. The People are, however, cautioned by the Court herein and place on notice that, absent the use of these particular terms by a witness at trial and its use by the prosecution in reference to such testimony, it may not refer to the Defendant as the "perpetrator," the "offender", a "rapist," or another similar identifier. The Court will not, however, issue a blanket order excluding the terms for use at trial if it is a term which a witness uses during trial testimony.

## CONCLUSION

For the reasons set forth herein, the Court makes the following rulings:

(1) Defendant's Discovery Motion is **GRANTED**, in part, and **DENIED**, in part, as more fully set forth, above.

(2) Defendant's Motions to Exclude with regard to all relief sought therein is **DENIED**.

**SO ORDERED** this 18th day of December, 2023.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

*People of Guam vs. Raymond Medeza Beck*
Criminal Case No. CF0028-23
Decision and Order Denying. Defendant's Motions for Discovery and to Exclude
Page 18 of 18